UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BOX, an individual; and JEAN VILSAINT, an individual,<br><br>                              Plaintiffs,<br>v.<br><br>BROADWAY CENTER, LLC; BROADWAY CENTER ASSOCIATIONS, LLC; THOMAS ABBATE, an individual; EXCELL SECURITY, INC.; JOHN KNIGHT, an individual; CAM COMMERCIAL PROPERTIES, INC.; and DOES 1–40, inclusive,<br><br>                              Defendants. | Case No.: 3:18-CV-1978 JLS (MSB)<br><br>**ORDER (1) GRANTING MOTION FOR REMAND TO STATE COURT; (2) REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO; AND (3) AWARDING PLAINTIFFS ATTORNEYS' FEES AND COSTS**<br><br>(ECF No. 8) |

      Presently before the Court is Plaintiffs Carl Box and Jean Vilsaint's Motion for Remand to State Court ("Mot.," ECF No. 8). Also before the Court are Defendants Broadway Center Associates LLC d/b/a Broadway Village Shopping Center; Thomas Abatte; and Cam Commercial Properties, Inc.'s (the "Removing Defendants") Opposition to ("Opp'n," ECF No. 11) and Plaintiffs' Reply in Support of (ECF No. 13) the Motion. The Court vacated the hearing on the Motion and took the matter under submission without oral argument. ECF No. 12. For the reasons stated below, the Court **GRANTS** the Motion.

**BACKGROUND**

On July 17, 2018, Plaintiffs filed a state court complaint against the Removing Defendants; John L. Knight; and Excell Security, Inc. ("Excell"), asserting causes of action for false imprisonment, battery, negligence, intentional infliction of emotional distress, and violation of the Bane Act, California Civil Code section 52.1. *See generally* ECF No. 1 at 23–37[1]; *see also* Declaration of Ranjan A. Lahiri, Esq., ECF No. 11-1, ¶ 2 & Ex. A. The Removing Defendants and Excell were served on July 26, 2018. *See* Lahiri Decl. ¶¶ 4, 10.

On August 24, 2018—the deadline for removal to this Court—the Removing Defendants' counsel contacted Excell's agent for service of process, Yale & Baumgarten, LLP, to obtain Excell's consent to removal. *Id.* ¶¶ 10, 12, 14. Yale & Baumgarten, LLP informed the Removing Defendants' counsel that, although it had previously represented Excell in similar cases, the current claim had been tendered to Excell's insurance carrier, and Yale & Baumgarten, LLP was not aware what law firm had been assigned to defendant Excell and Mr. Knight. *Id.* ¶¶ 13, 15–16. Yale & Baumgarten, LLP forwarded the Removing Defendants' request to Excell, but the Removing Defendants received no reply before filing their notice of removal. *Id.* ¶ 16–18.

Later that day, the Removing Defendants removed the action to this Court, claiming that this Court has original jurisdiction over this action because "one or more of the claims against [Rem]oving Defendants arise under the Fourth and Fourteenth Amendments to the U.S. Constitution." ECF No. 1 at 2. The Removing Defendants further note that "Plaintiffs' state court action . . . is substantially related to and arises from the same transaction and occurrence at issue in a related federal action, <u>NAACP et al. v. County of San Diego, et al.</u>, . . . in which Plaintiffs are suing state actors for federal civil rights violations stemming from the same incidents at issue in the instant state court action." *Id.* The Removing Defendants contend that "Plaintiffs' operative Complaint in the instant state

---

[1] Citations to ECF No. 1 refer to the CM/ECF page numbers electronically stamped at the top of each page.

court action alleges that the instant action arises under the same facts and circumstances." *Id.* The Removing Defendants also claimed that the consent of Mr. Knight and Excell was not "required" because Mr. Knight had not yet been served and "Defendant Excell Security, Inc. was served at the office of its former attorney who is not representing Defendant Excell Security, Inc. in the instant action" and "Defendant Excell Security, Inc. has not yet appeared in the state court action, and its attorney of record is presently unknown to counsel for [Rem]oving Defendants." *Id.* at 3.

On September 10, 2018, Plaintiffs and Excell filed a joint motion to extend the time for Excell to respond to the Complaint. *See* ECF No. 5. In the motion, Excell explained that it first learned of the removal of this action when it called the calendar clerk for Department C68 in the San Diego Superior Court to obtain a hearing date for a demurrer and motion to strike. *Id.* at 2. Excell further indicated in the joint motion that it "does not consent to removal" of this action. *Id.*

The instant Motion was filed on September 24, 2018. *See generally* ECF No. 8.

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and subject-matter jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as

to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## ANALYSIS

In their Motion, Plaintiffs argue that this action must be remanded because "[r]emoval lacks consent by defendant Excell . . . and the federal court lacks original jurisdiction over the matter" because "Plaintiffs only assert state law claims in their complaint." Mot. at 2. Plaintiffs also request that the Court grant them $8,000 in attorneys' fees because removal was not objectively reasonable. *Id.* at 5–7. The Court addresses each of Plaintiffs' arguments in turn.

### I. Unanimity of Consent

The Removing Defendants concede—as they must—that neither Excell nor Mr. Knight has consented to removal in this action; nonetheless, the Removing Defendants contend that this "is a procedural flaw that does not automatically divest this court of removal jurisdiction or render Defendants' removal invalid or improper," Opp'n at 11, because this "defect[ is] curable by amendment in federal court." *Id.* at 13 (citing *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045–46 (9th Cir. 2014)).

What the Removing Defendants overlook, however, is that they cannot cure this defect in this case by filing an amended notice of removal because *Excell does not consent to removal. See* ECF No. 5 at 2. Although the Removing Defendants make much of their "good faith" attempts to obtain consent from Excell, *see* Opp'n at 11–13, had they attempted to ascertain Excell's views before the eleventh hour, they may well have learned before the removal deadline that Excell would not consent and that removal was therefore futile.

Relying on United States Supreme Court precedent from 1900, the Ninth Circuit has long recognized that "[a]ll defendants must join in a removal petition." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232–33 (9th Cir. 1986) (citing 28 U.S.C. § 1446(b); *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 326–27 (5th

Cir.1970)). Admittedly, the consent of all Defendants is lacking here and Plaintiffs timely moved to remand. Accordingly, the Court must **GRANT** Plaintiff's Motion. *See, e.g.*, *Sullivan v. Unum Life Ins. Co. of Am.*, No. C 04-00326 MJJ, 2004 WL 828561, at *3 (N.D. Cal. Apr. 15, 2004).

## II. Original Jurisdiction

Although the procedural deficiencies in the notice of remand are sufficient to grant Plaintiffs' Motion without reaching the merits of the Parties' jurisdictional arguments, *see supra* Section I, the Removing Defendants claim that this Court has original jurisdiction because Plaintiffs' sixth cause of action for violation of the Bane Act is predicated upon violation of Plaintiffs rights under "Article I, Section 2 of the California Constitution and the Fourth and Fourteenth Amendments to the U.S. Const." Opp'n at 7–8 (quoting Compl. ¶ 65). The Removing Defendants also note that Plaintiffs seek punitive damages "to make an example of Defendants and deter future violations of the Constitution in similar circumstances." *Id.* at 8 (quoting Compl. Prayer ¶ 2). Plaintiffs counter that "[t]here is simply not a federal claim" here because "it is only through the State Bane Act that either of th[]e Constitutional provisions are applicable against private actors" and "Plaintiffs could not and cannot bring state claims in Federal court unless there is a federal claim." Reply at 3.

The Ninth Circuit held over two decades ago that "[t]he invocation of [a federal statute] as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996). Although *Rains* arose in the Title VII context, *Rains* was recently cited by a court in this District to reject an argument similar to that raised by the Removing Defendants regarding removal of a complaint on federal question grounds because of a Bane Act claim predicated on violations of the California or United States Constitution. *Estate of Gomez ex rel. Gomez v. Cnty. of San Diego*, No. 3:18-CV-00868-GPC-NLS, 2018 WL 3154878, at *2 (S.D. Cal. June 28, 2018). The court in *Gomez*

remanded the case because "the California Constitution provides an independent basis for Defendants' liability as to the [Bane Act] cause of action," therefore concluding that "th[e Bane Act] claim does not present a substantial federal question." *Id.*

The same is true here. Plaintiffs' sixth cause of action for violation of the Bane Act could be decided wholly on whether there was a violation of Article I, Section 2 of the California Constitution. *See* Compl. ¶ 65. Further, to the extent it is relevant, Plaintiffs' prayer for punitive damages does not refer specifically to the United States Constitution and may, in fact, refer to the California Constitution. *See* Compl. Prayer ¶ 2. The Court therefore concludes that the Removing Defendants have failed to demonstrate that this Court has subject-matter jurisdiction over this case. *See Gomez*, 2018 WL 3154878, at *2 & n.2.

## III. Attorneys' Fees

Plaintiffs request that, in the event the Court grants their Motion, they be awarded attorneys' fees and costs in the amount of $8,000. *See* Mot. at 5–7; *see also* Declaration of Todd T. Cardiff ¶ 8. Plaintiffs claim that the Removing "Defendants did not have a reasonable basis for seeking removal based on the lack of a federal claim . . . [and] the lack of consent . . . from Excell." Mot. at 7. The Removing Defendants, on the other hand, argue that they "acted in good faith" because "Plaintiffs filed a verified complaint in state court that contained allegations that they were seeking relief for violations of Federal law" and the Removing Defendants "attempted, in good faith, to obtain consent from Excell, but were unable to do so prior to the deadline for filing the Notice of Removal." Opp'n at 14.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court concludes that there was no objectively reasonable basis for removal here. First, it is clear that there was no substantial federal question presented by any of Plaintiffs'

causes of action.  Had the Removing Defendants done basic legal research concerning removal or remand and the Bane Act, they would have found the *Gomez* case, decided by a court in this District mere months before the Removing Defendants filed their notice of removal.  In any event, *Gomez* is premised upon sound Ninth Circuit precedent from 1996.  Basic legal research would have revealed to the Removing Defendants that their argument for subject-matter jurisdiction was not objectively reasonable.

Second, the Removing Defendants failed to secure consent of all Defendants.  Although the Removing Defendants argue that they acted in "good faith," their filings reveal that they did not attempt to secure Excell's consent until the very day of their deadline to seek removal.  In any event, it became clear to the Removing Defendants on September 10, 2018, when Excell filed a joint motion with Plaintiffs making clear that Excell objected to removal, that the Removing Defendants could not secure the consent of all Defendants.  Once Plaintiffs timely moved to remand, it was objectively unreasonable for the Removing Defendants to oppose the motion.

Accordingly, the Court concludes that there was no objectively reasonable basis for the Removing Defendants to remove this action.  Plaintiffs' request for $8,000 in fees, representing sixteen hours of work at $500 per hour, is reasonable.  The Court therefore **GRANTS** Plaintiffs' request for attorneys' fees and costs in the amount of $8,000.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand (ECF No. 8) and **REMANDS** this action to the Superior Court of California, County of San Diego (ECF No. 1).  The Court also **GRANTS** Plaintiffs' request for attorneys' fees and costs in the amount of $8,000.

**IT IS SO ORDERED.**

Dated:  December 14, 2018

Hon. Janis L. Sammartino
United States District Judge

7
3:18-CV-1978 JLS (MSB)